LAZARO LOPEZ *v.* CHRISTOPHER COLUMBUS JACKSON.

DAMAGES. *Compensatory. Exemplary. Wealth of defendant. Instruction.*

In an action for damages, where the testimony is conflicting as to whether the defendant's conduct was such as to justify the imposition of punitive damages, it is error to instruct the jury that, should they find for plaintiff, they may consider his wealth. The financial condition of a defendant should not be considered by the jury if he be liable only for compensatory damages.

FROM the circuit court of Harrison county.

HON. J. IRA FORD, Special Judge.

Jackson, appellee, was plaintiff in the court below; Lopez, appellant, was defendant there. The suit was a civil action for assault and battery. The altercation between the parties occurred in the courthouse at Mississippi City, during the trial of a case in the circuit court, and had its origin in and immediately followed Jackson's striking the district attorney, while that officer was prosecuting him for larceny. The testimony was conflicting as to the circumstances under which defendant struck plaintiff with an umbrella; some of the witnesses stated the facts in such a way as to make defendant, if not excusable, so nearly so as to exempt him from liability for anything more than compensatory damages. Plaintiff's injuries were very slight; the jury, however, awarded him $1,500, and judgment having been rendered for said sum, defendant appealed to the supreme court. [For a report of the decision of a motion in this case, see *Lopez* v. *Jackson,* 79 Miss., 460.]

*McWillie & Thompson* and *Walter A. White,* for appellant.

The court cannot fail to observe that the relative financial worth of the parties litigant was quite prominently brought for-

ward in the lower court, and the defendant, Lopez, having been shown to be a man of wealth, this instruction was given for the plaintiff: "If the jury find for the plaintiff, they have a right to take into consideration, in estimating the damages, the pecuniary condition of defendant."

This instruction is clearly erroneous, since it allows the jury to take into consideration the defendant's pecuniary condition, whether or not they should think the case one for the imposition of exemplary damages. The instruction is without qualification, and authorizes the jury to consider the wealth of the defendant in fixing the verdict, no matter whether they thought it should be punitive or not. How the defendant's wealth could be made the measure of the plaintiff's just compensation for actual injuries, whether mental or physical, passes all understanding.

One thing is certain in this case, as an examination of the instructions will demonstrate. The jury could not have rendered a verdict for the plaintiff awarding him only compensatory damages without violating an instruction. One instruction directs a verdict for the defendant unless the battery was malicious, another that if it were malicious exemplary damages could rightfully be awarded, and yet another that if they found for plaintiff they had a right to consider defendant's pecuniary condition, etc. These instructions practically took from the jury the subject matter of compensatory damages. This condition was not wholly brought about by appellant's instruction, but is the fault as well of appellee's charges. Now, let us suppose the jurors, one or more of them, were men of sense, who intelligently comprehended the case and correctly interpreted the instructions as a whole, and let us suppose further that they concluded that defendant ought not to be wholly acquitted, but should be made to pay only compensatory damages. How could a proper verdict, the jury so finding, be awarded without violating an instruction? If the jury found for plaintiff, they would vio-

late the defendant's charge to the effect that he could not be convicted unless the battery was malicious. If they found for the plaintiff, then the question of defendant's pecuniary condition was to be considered, and exemplary damages to be entered upon by them according to the plaintiff's instructions. A conscientious juror who comprehended the case, and whose judgment led to a verdict for plaintiff awarding only compensatory damages, was thus placed in a position where he could not do right. In fixing damages at least, he was constrained by the court to exceed a compensatory award.

The conduct of Jackson, the plaintiff, was so outrageous and wrong as to deprive him of the right to recover exemplary damages, and we take the position that under the law exemplary damages are denied unless the plaintiff who demands them be himself without fault. This is a question upon which there is a paucity of authority, presumably because the good sense of jurors restrains them from awarding such damages to plaintiffs whose own conduct is blameworthy. A Pennsylvania case, *Robinson* v. *Rupert,* 23 Pa. St., 525 (the charivari case), is squarely in our favor. We find nothing to the contrary. We have a Mississippi decision, a recent one, announcing a general rule, *Mahoney* v. *McNeill,* 77 Miss., 406, which we think is decidedly in point. Mr. Justice Terral, in that case, says that a statutory penalty in a civil action cannot be recovered unless the plaintiff be without fault. What are exemplary damages but a penalty? If the courts engraft such a limitation on a statute giving a penalty, why should they depart from the principle when the penalty is sought to be inflicted without the aid of a statute?

Courts proceed, as this court did in *Mahoney* v. *McNeill,* in denying statutory penalties to blameworthy plaintiffs upon the idea that the legislature could not have intended to violate principles of fairness and justice by awarding such recoveries, penalties, to plaintiffs who were themselves wrongdoers; ought

the principle to be abandoned when penalties are sought predi-
cated of the general law? No reason can be given for so doing,
but the reasons are even stronger for enforcing the principle.
All of the instructions given for the plaintiffs authorizing the
finding of exemplary damages were wrong, and should have
been denied in this case, and the granting of them constitutes
reversible error.

*Frank Johnston,* for appellee.

The cases cited by counsel for the appellant are not in point.
In *Mahoney* v. *McNeill,* 77 Miss., 406, the husband of Mrs.
McNeill interferred with the tenant, in a manner that justi-
fied the tenant in leaving Mrs. McNeill's place. Under those
circumstances Mrs. McNeill could not recover from Mahoney
for hiring the tenant.

The husband was the cause of the tenant's leaving. Clearly
there could be no recovery.

That case is wholly inapplicable to the present case.

In *Robinson* v. *Rupert,* 23 Pa. St., 534, the plaintiff had
insulted and provoked the defendant into doing the act which
injured him.

The wrongdoing of the plaintiff must be according to all of
the authorities against the defendant.

If Jackson's attack on White gave Lopez immunity to strike
Jackson, then every man in the room could have struck him.
and been protected against exemplary damages.

Jackson's action toward White was wholly immaterial, and
was not justification for anybody to assault Jackson.

The fact that one or two of the defendant's instructions are
too broad, cannot possibly afford ground for reversal.

The question of malice was left fairly to the jury.

Argued orally by *T. A. McWillie* and *R. H. Thompson,* for
appellant, and by *Frank Johnston,* for appellee.

CALHOON, J., delivered the opinion of the court.

The testimony as to malice in the assault conflicts, and yet the court gave the following independent instruction at plaintiff's instance:

"If the jury find for the plaintiff, they have the right to take into consideration, in estimating the damages, the pecuniary condition of defendant."

This was error, and may explain the amount of the verdict.

*Reversed and remanded.*